HUBBARD VAN HORN, plaintiff in error, vs. JESSE J. BRAD-
FORD, sheriff, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

Where a sheriff levies a mortgage execution upon the land of the de-
fendant, but before the sale was notified that the defendant's wife had
had a homestead set apart in the same, and an appeal had been taken
to the Superior Court, the sheriff does not render himself liable to rule
by postponing the sale until the plaintiff could obtain an order of
Court directing him to sell the land if it was his duty to do so.

Homestead. Rule against sheriff. Before Judge JOHN-
SON. Muscogee Superior Court. May Term, 1872.

For the facts of this case, see the decision.

D. H. BURTZ; A. A. DOZIER; M. J. CRAWFORD, for plain-
tiff in error.

PEABODY & BRANNON, for defendant.
Cite 40 Georgia Reports, 298; 39 *Ibid.*, 252; 42 *Ibid.*,
542.

WARNER, Chief Justice.

The error complained of in this case was the refusal of the
Court to make the rule absolute against the sheriff on the
statement of facts disclosed in the record. The sheriff levied
the mortgage *fi. fa.* on the land described therein as the prop-
erty of the defendant, and advertised the same for sale; but
before the sale thereof, was notified that the defendant's wife
had applied for and had the land set apart as a homestead, for
the benefit of herself and minor children, by the Ordinary;
that an appeal had been taken from the judgment of the Or-
dinary allowing the homestead to the Superior Court. Un-
der these circumstances he took the legal advice of his coun-
sel as to his duty, who advised him to postpone the sale of
the land until the present term of the Court, so that the plain-
tiff might obtain an order of the Court directing him to sell

the land if it was his duty to do so, and so notified the plaintiff. The plaintiff offered to indemnify him if he would proceed to sell the land, which he declined to do; had no intention to disobey the order of the Court, but only desired to be protected in the discharge of his duty as sheriff. The land is still subject to be sold under the levy whenever the homestead question shall be settled adversely to the applicant therefor, and whenever the Court shall so order. In view of the facts contained in the record of this case, we affirm the judgment of the Court below in discharging the rule against the sheriff.

Judgment affirmed.